# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA MARKOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-cv-1596 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| UNION RAILROAD COMPANY, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case was originally referred to Magistrate Judge Patricia Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges. On June 8, 2022, Judge Dodge issued a Report and Recommendation, recommending that Union Railroad Company's Motion to Dismiss be denied. (ECF No. 29). The parties were informed that written objections to the Report and Recommendation were due by June 22, 2022. Union Railroad Company filed timely written objections to the Report and Recommendation on June 22, 2022. (ECF No. 32). Ms. Markovich filed a response to Union Railroad Company's written objections on July 5, 2022. (ECF No. 33).

For the reasons that follow, and after *de novo* review, the Court will adopt in part and reject in part the Report and Recommendation. The Court will adopt the Report and Recommendation as the Opinion of the Court, with regard to the Report and Recommendation's analysis regarding the Court's subject matter jurisdiction over the case. However, the Court will not adopt the entire Report and Recommendation as the Opinion of the Court with regard to the

Union Railroad Company's 12(b)(6) Motion to Dismiss for failure to state a claim. As such, the Union Railroad Company's 12(b)(6) Motion to Dismiss will be granted.

I.     **Discussion**

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Initially, the Court finds no error in the Magistrate Judge's application of the standard of law. Union Railroad Company has articulated two objections to the Magistrate Judge's Report and Recommendation regarding its Motion to Dismiss. Union Railroad Company argues that this Court does not have subject matter jurisdiction over Ms. Markovich's claims because the dispute is preempted by the Railway Labor Act (RLA). Union Railroad Company also argues that Ms. Markovich's Amended Complaint does not contain adequate allegations that she was discriminated against based on her age or gender. Each objection will be addressed in turn.

    A.  **Subject Matter Jurisdiction**

Union Railroad Company argues that Ms. Markovich's lawsuit is preempted by the RLA. (ECF No. 32, at 2). Ms. Markovich responds that RLA preemption does not apply where the district court is not required to interpret the CBA and when a plaintiff's claim is independent of the CBA. (ECF No. 33, at 1). After examining similar case law regarding RLA preemption, Magistrate Judge Dodge concluded that the RLA does not preempt Ms. Markovich's lawsuit because this case does not require interpretation of the relevant CBA, and because Ms. Markovich's claims are independent from the CBA. (ECF No. 29, at 9). Upon examination of the applicable case law, the Court finds that Judge Dodge properly concluded that the resolution of this dispute does not require the Court to interpret Ms. Markovich's CBA and that her

employment discrimination claims are independent from her CBA.  As such, Union Railroad Company's objection, asserting that the Report and Recommendation came to the wrong conclusion regarding RLA preemption, will therefore be overruled.

### B. Failure to State a Claim

Union Railroad Company also argues that Ms. Markovich did not include adequate factual information in her Amended Complaint to support her claims for age and gender discrimination.  (ECF No. 32, at 2).  Plaintiff responds that her Amended Complaint contained adequate factual detail to support her age and gender discrimination claims and cited to the relevant portions of her Amended Complaint.  (ECF No. 33, at 4).  Upon examining the relevant portions of the Amended Complaint, Magistrate Judge Dodge concluded that the Amended Complaint contained adequate factual allegations regarding Ms. Markovich's age and gender discrimination claims.  (ECF No. 29, at 11).

Ms. Markovich's Amended Complaint states: "Markovich received more demerits than male and younger employees who had committed similar or more egregious offenses, particularly with regard to intentional misrepresentations and lack of integrity."  (ECF No. 19, ¶ 4).  Upon examination of the language in the Amended Complaint, the Court concludes that Ms. Markovich's Amended Complaint does not contain adequate allegations that she was treated differently than similarly situated male and younger employees.  While Ms. Markovich is not required to satisfy her prima facie case at the motion to dismiss stage, she is required to set forth sufficient factual detail to show that she was discriminated against beyond mere speculation.  Ms. Markovich has not set forth enough factual detail to demonstrate the circumstances of the discrimination that she allegedly experienced.  Ms. Markovich has not set forth enough factual detail to show how she was treated differently from any similarly situated male and/or younger

employees. She does not include any information about the factual circumstances where comparator groups were treated more favorably. Ms. Markovich must set forth some factual detail beyond bare conclusory allegations to show how other employees were treated more favorably to survive the present motion to dismiss. As such, the Union Railroad Company's objection, that the Report and Recommendation came to the wrong conclusion regarding Ms. Markovich's age and gender discrimination claims, will therefore be sustained.

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)). In a civil rights case, when the court grants a motion to dismiss for a failure to state a claim, the court must offer the plaintiff leave to amend, even if it was not requested by the plaintiff, "unless doing so would be inequitable or futile." *Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). As the Court cannot say that amendment will be inequitable or futile with regard to Ms. Markovich's age or gender discrimination claims, Ms. Markovich will be granted leave to amend.

## II. Conclusion

Following a thorough review of the record, this Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation. The Report and Recommendation will be

4

5

adopted as the Opinion of the Court as to the Report and Recommendation's discussion of subject matter jurisdiction. The Report and Recommendation will be rejected as to Ms. Markovich's age and gender discrimination claims. Accordingly, the Union Railroad Company's Motion to Dismiss will be granted. Leave to amend will also be granted. A separate Order to follow.

DATE: July 28, 2022

Marilyn J. Horan
United States District Judge