IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA MARKOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-cv-1596 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| UNION RAILROAD COMPANY, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case was originally referred to Magistrate Judge Patricia Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges.  On January 18, 2023, Judge Dodge issued a Report and Recommendation, recommending that Union Railroad Company's Motion to Dismiss be denied.  (ECF No. 44).  The parties were informed that written objections to the Report and Recommendation were due by February 1, 2023.  Union Railroad Company filed a timely written Objection to the Report and Recommendation on February 1, 2023.  (ECF No. 45).  Ms. Markovich filed a response to Union Railroad Company's written Objection on February 15, 2023.  (ECF  No. 46).

For the reasons that follow, and after *de novo* review, the Court will adopt the Report and Recommendation in its entirety as the Opinion of the Court.  As such, the Union Railroad Company's Motion to Dismiss will be denied.

I.    Discussion

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. §

636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

Initially, the Court finds no error in the Magistrate Judge's application of the standard of law.

Union Railroad Company has articulated one Objection to the Magistrate Judge's Report and Recommendation regarding its Motion to Dismiss.  Union Railroad Company argues that the addition of a comparator employee does not satisfy Ms. Markovich's pleading requirements for her ADEA, Title VII, and PHRA discrimination claims.  (ECF No. 45, at 2).  Ms. Markovich responds that her Second Amended Complaint contained adequate factual detail to support her claims for her ADEA, Title VII, and PHRA discrimination claims.  (ECF No. 46, at 1).  Upon examining the relevant portions of the Second Amended Complaint, Magistrate Judge Dodge concluded that the Second Amended Complaint contained adequate factual allegations regarding Ms. Markovich's comparator employee for the purposes of her ADEA, Title VII, and PHRA discrimination claims.  (ECF No. 44, at 9).

Ms. Markovich's Second Amended Complaint alleges that a younger, male employee, Gary Manges, was treated more favorably than she was by Union Railroad Company.  (ECF No. 37, ¶ 27).  Ms. Markovich's Second Amended Complaint alleges that Mr. Manges likewise lied to management at the direction of his supervisor but was not disciplined.  (ECF No. 37, ¶¶ 28-30).  Upon examination of the allegations contained in the Second Amended Complaint, the Court concludes that Ms. Markovich's Second Amended Complaint contains sufficient factual allegations to demonstrate that she was treated differently than a similarly situated male and younger employee for the purposes of the present Motion to Dismiss.  As such, the Union Railroad Company's objection, that the Report and Recommendation came to the wrong conclusion regarding Ms. Markovich's ADEA, Title VII, and PHRA discrimination claims, will therefore be overruled.

## II.     Conclusion

Following a thorough review of the record, this Court adopts the Magistrate Judge's

Report and Recommendation in its entirety as the Opinion of the Court.  Accordingly, the Union

Railroad Company's Motion to Dismiss will be denied.  A separate Order to follow.


DATE:  3/16/2023

Marilyn J. Horan
United States District Judge